# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MASHALL DIVISION

| | |
|---|---|
| ADRIANNE GARRETT and § <br> KEVIN LONDOFF § <br> § <br> vs. § <br> § <br> ERIC HANSON, § <br> CHANDRA HANSON, and § <br> ELIAS HANSON § | Civil Action No. 2:19-cv-307 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs Adrianne Garrett and Kevin Londoff file this, their Original Complaint, complaining of and against Defendants Eric Hanson, Chandra Hanson, and Elias Hanson. For cause of action, Plaintiffs respectfully show this Court the following:

### A. PARTIES

1. Plaintiff Adrianne Garrett, an individual, is a citizen of the State of Texas and resides in Tyler, Smith County, Texas.

2. Plaintiff Kevin Londoff, an individual, is a citizen of the State of Texas and resides in Tyler, Smith County, Texas.

3. Defendant Eric Hanson, an individual, is a citizen of the State of Montana and may be served with process at 4241 Cedarwood Lane, Billings, MT 59106, or wherever he may be found.

4. Defendant Chandra Hanson, an individual, is a citizen of the State of Montana and may be served with process at 4241 Cedarwood Lane, Billings, MT 59106, or wherever she may be found.

5.     Defendant Elias Hanson, an individual who is a minor, is a citizen of the State of Montana and may be served with process at 4241 Cedarwood Lane, Billings, MT 59106, or wherever he may be found.  Texas law has long held that a minor who is sued must be personally served with process because the minor lacks capacity to waive service and no one can waive it for the minor.  *Wright v. Jones*, 52 S.W.2d 247, 250-251 (Tex. Comm'n App. 1932, holding approved); *Wheeler v. Ahrenbeak*, 54 Tex. 535, 539 (1881); *In re Estate of Bean*, 120 S.W.3d 914, 920 (Tex. App.—Texarkana 2003, pet. denied), *citing Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex. 1995); *In re M.W.*, 523 S.W.2d 513, 515 (Tex. Civ. App.—El Paso 1975, no writ).

## B.  JURISDICTION AND VENUE

6.     The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiffs and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

7.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## C.  FACTS

8.     This lawsuit results from an August 24, 2019, motor vehicle collision that occurred at approximately 6:10 PM on eastbound Interstate 20 in Shreveport, Caddo Parish, Louisiana.  At the time of the collision, Plaintiff Kevin Londoff was the seat-belted driver of a 2017 Chevrolet Silverado and Plaintiff Adrianne Garrett was the seat-belted front seat passenger.  At the same time, Defendant Elias Hanson, a 15-year-old unlicensed driver with a learner's permit, was

operating a 2019 Ford F-350 pickup and was pulling a 2009 Interstate cargo trailer with his mother, Defendant Chandra Hanson, riding in the front passenger seat of the pickup.

9. Eric Hanson was, at all relevant times, the registered owner of the 2019 Ford F-350 pickup involved in the subject collision. Eric Hanson entrusted the 2019 Ford F-350 pickup to Chandra Hanson and Elias Hanson for their use.

10. While in this judicial district and division and before the subject collision, Chandra Hanson entrusted the 2019 Ford F-350 pickup to Elias Hanson, an inexperienced and unlicensed driver who was but 15 years old, to operate on a major Interstate highway in the rain while pulling a fully enclosed cargo trailer (the contents of which and, by extension, its weight, are unknown). Defendants Elias Hanson and Chandra Hanson then traveled into Caddo Parish, Louisiana, and, more particularly, the city of Shreveport, where the subject collision occurred.

11. As Plaintiff Londoff slowed his vehicle and came to a stop because of stopped traffic ahead, Defendant Elias Hanson failed to control his speed and the front of the 2019 Ford F-350 pickup violently collided with the rear of the vehicle in which Plaintiffs were riding.

### D. VICARIOUS LIABILITY OF ERIC HANSON AND/OR CHANDRA HANSON PURSUANT TO MONTANA LAW

12. As discussed elsewhere herein, Elias Hanson, a minor, was operating Eric Hanson's 2019 Ford F-350 pickup pursuant to a learner license issued under Montana law. *See* Mont. Code Ann. § 61-5-106. Pursuant to Montana law, a parent must sign a minor's application for a learner license. Mont. Code Ann. § 61-5-108(a).

13. Consequently, any negligence or willful misconduct of a minor who is under 18 years of age when driving a motor vehicle upon a highway must be imputed to Eric Hanson or Chandra Hanson – whomever signed Elias Hanson's application for a Montana learner license. Mont. Code Ann. § 61-5-108(b). Eric Hanson and/or Chandra Hanson – whomever signed Elias

Hanson's application for a Montana learner license – is jointly and severally liable with Elias Hanson for his negligence and/or misconduct. *Id.*

### E.  NEGLIGENCE OF DEFENDANT ELIAS HANSON

14. The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Defendant Elias Hanson's negligent and negligent *per se* acts and/or omissions including but not limited to one or more of the following:

   a. Failing to control his speed in violation of Texas Transportation Code § 545.351(b)(1)-(2) and Louisiana Revised Statutes § 32:64;

   b. Failing to keep an assured clear distance between his vehicle and the vehicles in front of him, in violation of Texas Transportation Code § 545.062(a) and Louisiana Revised Statutes § 32:81;

   c. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

   d. Failing to keep such lookout as a person of ordinary prudence would have under the same or similar circumstances;

   e. Failing to take such evasive action as a person exercising ordinary care would have done to avoid the collision;

   f. Failure to pay the degree of attention to the vehicles in front of him as a person of ordinary prudence would have used under the same or similar circumstances;

   g. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401(a) and Louisiana Revised Statutes § 14:99; and

   h. Violating the Texas Transportation Code and the Louisiana Highway Regulatory Act in other respects to be determined constituting negligence *per se*.

15. Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiffs.  Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### F.  NEGLIGENT ENTRUSTMENT BY ERIC HANSON

16. Plaintiffs further show this Court that Defendant Eric Hanson was the registered owner of the 2019 Ford F-350 pickup at issue herein.

17. Defendant Eric Hanson failed to exercise due care and negligently entrusted the 2019 Ford F-350 pickup to Elias Hanson, an inexperienced and unlicensed driver who was but 15 years old when the subject collision occurred, to operate while attempting to tow a cargo trailer on an Interstate highway in the rain.

18. Alternatively, Defendant Eric Hanson failed to exercise due care and negligently entrusted the 2019 Ford F-350 pickup to Chandra Hanson, which provided Chandra with the instrumentality to, in turn, entrust to Elias.

19. Defendant Eric Hanson either knew or should have known that Elias Hanson was not capable of safely operating the 2019 Ford F-350 pickup while towing a cargo trailer.  But for Defendant Eric Hanson's negligent entrustment of the 2019 Ford F-350 pickup to Elias Hanson, a 15-year-old unlicensed and inexperienced driver, this motor vehicle would not have occurred.

20. Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiffs.  Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### G.  NEGLIGENT ENTRUSTMENT BY DEFENDANT CHANDRA HANSON

21. Plaintiffs further show this Court that Defendant Chandra Hanson had the physical possession of the 2019 Ford F-350 pickup (and the attached cargo trailer) at all times relevant to this lawsuit.

22.  While in the Marshall Division of the Eastern District of Texas, Defendant Chandra Hanson failed to exercise due care and negligently entrusted the 2019 Ford F-350 pickup to Elias Hanson, an inexperienced and unlicensed driver who was but 15 years old when the subject collision occurred, to operate while attempting to tow a cargo trailer on an Interstate highway in the rain.

23.  Defendant Chandra Hanson either knew or should have known that Elias Hanson was not capable of safely operating the 2019 Ford F-350 pickup while towing a cargo trailer. But for Defendant Eric Hanson's negligent entrustment of the 2019 Ford F-350 pickup to Elias Hanson, a 15-year-old unlicensed and inexperienced driver, this motor vehicle would not have occurred.

24.  Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiffs. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### H. PLAINTIFF ADRIANNE GARRETT'S DAMAGES

25.  As a direct and proximate result of the negligent conduct of Defendants and the subject collision, Plaintiff Adrianne Garrett sustained serious personal injuries. As a result of these injuries, she has suffered the following damages:

   a.  Medical expenses actually paid or incurred by or on behalf of Plaintiff in the past;

   b.  Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

   c.  Lost wages sustained by Plaintiff in the past;

   d.  Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e.  Past physical pain and suffering;

   f.  Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

    g. Past mental anguish;

    h. Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

    i. Past physical impairment; and

    j. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

26. Plaintiff Adrianne Garrett seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum time allowed by law.

27. All damages sought herein are within this Court's jurisdictional limits.

## I. PLAINTIFF KEVIN LONDOFF'S DAMAGES

28. As a direct and proximate result of the negligent conduct of the Defendants and the subject collision, Plaintiff Kevin Londoff sustained serious personal injuries. As a result of these injuries, he has suffered the following damages:

    a. Medical expenses actually paid or incurred by or on behalf of Plaintiff in the past;

    b. Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

    c. Lost wages sustained by Plaintiff in the past;

    d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    e. Past physical pain and suffering;

    f. Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

    g. Past mental anguish;

    h. Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

    i. Past physical impairment; and

    j. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

29.     Plaintiff Kevin Londoff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum time allowed by law.

30.     All damages sought herein are within this Court's jurisdictional limits.

### J.  PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiffs request that Defendants be summoned to appear and answer and that, upon final trial of this cause, Plaintiffs have:

a. actual damages within the jurisdictional limits of this Court;

b. pre-judgment and post-judgment interest at the maximum rate for the maximum time allowed by law;

c. costs of Court; and

d. all such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

*/s/ Carson R. Runge*
CARSON R. RUNGE
State Bar No. 24059262
crunge@sloanfirm.com
ALAN J. ROBERTSON
State Bar No. 24067952
arobertson@sloanfirm.com
BRANDON L. BEAGLEY
State Bar No. 24102824
bbeagley@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone    903-757-7000
Facsimile    903-757-7574

ATTORNEYS FOR PLAINTIFFS