# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ADRIANNE GARRETT, GARRETT LONDOFF, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00307-JRG |
| ERIC HANSON, CHANDRA HANSON, ELIAS HANSON, | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Eric Hanson, Chandra Hanson, and Elias Hanson's (collectively, "Defendants") 12(b)(3) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (the "Motion"). (Dkt. No. 4.) Having considered the same and for the reasons set forth below, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

## I.  BACKGROUND

This case arises out of a car accident between Plaintiffs Adrianna Garrett and Garrett Londoff ("Plaintiffs") and Defendants—Eric Hanson ("Eric"), Chandra Hanson ("Chandra"), and minor Elias Hanson ("Elias")—occurring on eastbound Interstate 20 in Shreveport, Caddo Parish, Louisiana. (Dkt. No. 1 at 2.) At the time of the accident, Elias—a 15-year-old with a Montana learner's permit—was driving the Defendants' vehicle. (*Id.* at 2–3.) On September 11, 2019, Plaintiffs filed the present suit alleging negligence against Elias, vicarious liability against Eric and/or Chandra, and negligent entrustment by Eric and Chandra. (*Id.* at 3–6.) Plaintiffs allege in

their complaint that Chandra negligently entrusted the Defendant's vehicle to Elias while in the Marshall Division of the Eastern District of Texas. (*Id.* at 6.)

Defendants filed the present Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue on October 18, 2019. (Dkt. No. 4.) Defendants do not appear to dispute that venue is proper in the Eastern District of Texas.[1] Rather they argue that venue is not proper in the Marshall Division and that the case should have been brought in the Tyler Division. (*See id.* at ¶¶15, 17, 30; Dkt. No. 9 at ¶6.)

## II.     12(b)(3) DISMISSAL FOR IMPROPER VENUE

Defendants allege that venue in the Marshall Division of the Eastern District of Texas is improper because, according to the Defendants, the appropriate judicial division is the Tyler Division of the Eastern District of Texas, given that the Plaintiffs live in the Tyler Division. As noted above, Defendants appear to agree that the Eastern District of Texas is a proper judicial district.[2]

Plaintiffs respond that "28 U.S.C. § 1391 defines venue as being proper in a specific district but does not further refine the propriety of venue to a specific division." (Dkt. No. 7 at 1.)

The Court concludes that the Marshall Division is an appropriate venue under 28 U.S.C. § 1391. This issue presents a relatively straightforward question of statutory interpretation. "The

---

[1] Defendants make multiple affirmative representations in the Motion and in their subsequent Reply (Dkt. No. 9) that venue is proper in the Eastern District of Texas, Tyler Division. (Dkt. No. 4 at ¶¶15, 17, 30 ("Furthermore, venue is not proper in the Marshall Division under 28 U.S.C. § 139l(b)(3) because *there is another division in which the action may otherwise be brought,* i.e., *the Tyler Division of the Eastern District of Texas.* . . . this Court should dismiss the cause, or alternatively, *transfer it to the Tyler Division of the United States District Court for the Eastern District of Texas, where venue is proper.* . . . ***Venue is proper*** in the United States District Court for the Eastern District of Texas, Tyler Division . . . .") (emphasis added); Dkt. No. 9 at ¶6 ("Lastly, ***venue is proper*** in the United States District Court for the Eastern District of Texas, Tyler Division . . . .") (emphasis added); Dkt. No. 5 at ¶33 ("Defendant would show that ***proper venue*** for this action is in the Tyler Division of the Eastern District of Texas . . . .").) Furthermore, Defendants never state that venue is improper in the Eastern District of Texas as a whole—they merely state that it is improper in the Marshall Division.

[2] *See supra* note 1.

task of statutory interpretation begins and, if possible, ends with the language of the statute." *United States v. Lauderdale Cty.*, 914 F.3d 960, 964 (5th Cir. 2019). "[W]hen decoding language, judges 'must be attentive not to words standing alone but to surrounding structure and other contextual cues that illuminate meaning.'" *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 626 (5th Cir. 2019). "The meaning of a statutory provision 'is often clarified by the remainder of the statutory scheme . . . .'" *Ramos-Portillo v. Barr*, 919 F.3d 955, 960 (5th Cir. 2019) (quoting *Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 321 (2014)). Thus, courts "ought to 'consider the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *In re Lopez*, 897 F.3d 663, 670 n.5 (5th Cir. 2018) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)).

The foregoing principles make clear that venue is proper in the Marshall Division. The venue statute which governs this case does not distinguish between judicial divisions, and instead is addressed to only judicial districts. *See* 28 U.S.C. § 1391. Specifically, § 1391 provides that a "civil action may be brought in" one of the following three locations:

> (1) *a judicial district* in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) *a judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, *any judicial district* in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* (emphasis added). Defendants do not seem to dispute that venue is proper in the Eastern District of Texas under § 1391.[3] Instead, Defendants seek to impose an additional requirement on the

---

[3] *See supra* note 1.

statutory text—a requirement related to judicial divisions—in an effort to compel transfer from the Marshall Division to the Tyler Division. Defendants' argument is misplaced.

For the past thirty years, the federal courts have uniformly held that because § 1391 "does not distinguish between the divisions of a judicial district, venue properly lies in any division" of an otherwise-appropriate judicial district. *Griffin v. Tyson Foods, Inc.*, No. 2:16-cv-734-JRG-RSP, 2017 WL 345926, at *2 (E.D. Tex. Jan. 24, 2017); *see also, e.g.*, *Battee v. Ben E. Keith Co.*, No. 2:17-cv-00161-JRG-RSP, 2017 WL 1832043, at *1 (E.D. Tex. May 5, 2017); *McKee v. Grantham*, No. 2:16-cv-00184-RSP, 2016 WL 3567038, at *1 (E.D. Tex. July 1, 2016); *Walker v. IBEW*, No. 2:15-cv-01283-JRG-RSP, 2015 WL 5783802, at *2 (E.D. Tex. Sept. 30, 2015); *Monroe v. Walmart Stores Tex., LLC*, No. 2:11-cv-329-JRG, 2012 WL 3887006, at *2 (E.D. Tex. Sept. 6, 2012); *Johnson v. Merchant*, 628 F. Supp. 2d 695, 696–97 (N.D. Miss. 2009) ("'[I]f there is no local rule, venue need be set only on a district basis, disregarding divisions." (citing *Jordon v. Bowman Apple Prods. Co.*, 728 F. Supp. 409 (W.D. Va. 1990))); *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000) ("Furthermore, in 1988, Congress repealed the federal statute that formerly established 'divisional venue' in civil cases in federal court, 28 U.S.C. § 1393 . . . When 28 U.S.C. § 1393 was repealed . . . the concept of divisional venue disappeared." (quoting *Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) (quotation marks omitted))).

The text of § 1391 only imposes restrictions on the judicial *district* in which a case may be filed; it does not impose any restriction on the *division* within such district where a case may be filed. *See Griffin*, 2017 WL 345926, at *2. The statute which previously imposed a divisional venue requirement, 28 U.S.C. § 1393, was repealed more than thirty years ago in 1988. Thus, under § 1391, a division is only improper when it falls within an improper judicial district. *Id.*

Conversely, § 1391 permits a civil action to be filed in any division, so long as the division is within a proper judicial district. *Id.*

Defendants' interpretation to the contrary is improper because it would require imposing an additional divisional requirement onto the text of § 1391. *Cf. Weaver*, 939 F.3d at 626 ("[W]e decline to engraft what [Congress] declined to enact."). In enacting § 1391, Congress only chose to impose a district-based venue requirement, not a divisional requirement. *See* 28 U.S.C. § 1391. "[O]ur constitutional structure does not permit this Court to 'rewrite the statute that Congress has enacted.'" *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 136 S. Ct. 1938, 1949 (2016) (quoting *Dodd v. United States*, 545 U.S. 353, 359 (2005)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 528 (2019) (explaining that courts may not "rewrite" a statute for any reason, even when there may be substantial policy justifications for doing so).[4]

The Court's interpretation of the plain text of § 1391 is reinforced by the surrounding statutory provisions, which demonstrate that Congress understood how to include a divisional restriction on venue when it wished to do so. *See Ramos-Portillo*, 919 F.3d at 960 (instructing courts to look at surrounding provisions). In order to address a "change of venue" based on litigation convenience, Congress enacted 28 U.S.C. § 1404, which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other ***district or division*** where it might have been brought or to any district or division to which all parties have consented.

---

[4] Section 1406 *does* distinguish between the relevant district and division, but such distinction is immaterial to the present analysis. By its own terms, § 1406 is a procedural statute addressed to how courts should proceed ***after*** venue is determined to be "wrong," and instructs the Court to either dismiss or transfer the case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or . . . transfer such case . . . ."). However, § 1406 is not addressed to the antecedent question of when venue is improper. *See id.* That antecedent question is independently governed by a substantive venue statute, which is either the general venue statute, 28 U.S.C. § 1391, or a subject-matter specific statute. *See, e.g.*, 28 U.S.C. § 1400 (addressing venue in patent and copyright infringement actions). Since the substantive venue statute at issue in this case—§ 1391—provides no basis to conclude that the Marshall Division is "wrong," § 1406 does not support transfer or dismissal.

28 U.S.C. § 1404(a) (emphasis added). By expressly distinguishing between transfer to another "district *or division*," Congress designed § 1404 to "apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis added). Similarly, Congress has previously enacted a venue statute imposing precisely this divisional requirement—28 U.S.C. § 1393—which has since been repealed. *See* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1001, 102 Stat 4642 (1988). In contrast to these surrounding provisions, a distinction between divisions and districts is conspicuously absent from § 1391.

The presence of a divisional distinction in § 1404 and § 1393 is no less important than the absence of a divisional distinction in § 1391. *See Ramos-Portillo*, 919 F.3d at 960; *In re Lopez*, 897 F.3d at 670 n.5. "Congress has included" a divisional restriction in § 1404 and § 1393, closely-related venue provisions, "clearly demonstrating that it knows how to impose such a requirement when it wishes to do so." *Whitfield v. United States*, 543 U.S. 209, 216–17 (2005). "Where Congress has chosen not to do so, we will not override that choice . . . ." *Id.* Since Congress has chosen not to include a division-based restriction on venue in § 1391, this Court will not "engraft what [Congress] declined to enact." *See Weaver*, 939 F.3d at 626. Doing so would actually require the Court to engraft what Congress has already *repealed*. *See* 28 U.S.C. § 1393. Thus, § 1391 does not impose a division-based restriction. Accordingly, the Court concludes that venue is proper in this division, because it is proper in the Eastern District of Texas.

## III.    § 1404(a) CONVENIENCE TRANSFER TO TYLER DIVISION

As an alternative basis for relief, Defendants contend that the Court should transfer the case to the Tyler Division on §1404 convenience grounds. (Dkt. No. 4 at 5–10.) Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This inquiry "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal citation omitted).

In determining whether to transfer venue, the court must first determine "whether the judicial district [or division] to which transfer is sought would have been a district [or division] in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Once this threshold inquiry is met, the court analyzes public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Id.* The private factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal citation omitted). The public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* These factors are decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315. Absent such a showing, the plaintiff's choice of venue is to be respected. *Volkswagen II*, 545 F.3d at 315. When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008); 5B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1352 (3d ed. 2013) ("A district court may examine facts outside the complaint to determine whether its venue is proper. And . . . the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."); *accord Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 492–93 (5th Cir. 2018) ("Venue issues are generally reviewed for abuse of discretion. . . . '[V]iew[ing] all the facts in a light most favorable to the plaintiff,' *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237 (5th Cir. 2009), 'the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.' *Id.* at 238.") (alterations in original).

Neither party disputes this case could have been filed in the Tyler Division of the Eastern District of Texas. (Dkt. No. 4 at 5, 10 (Defendants affirmatively stating that venue is proper in the Tyler Division.); *see* Dkt. No. 7 at 6–11 (Plaintiffs do not contest the propriety of venue in Tyler.).) Therefore, the threshold requirement for transfer under § 1404(a) has been met. The Court now proceeds to analyze the private and public factors considered in determining whether an intra-district transfer is appropriate.

### A. Private Interest Factors

#### i. Relative Ease of Access to Sources of Proof

When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen II*, 545 F.3d at 316. For this factor to weigh in favor of transfer, Defendants must show that transfer to the Tyler Division will result in more convenient access to sources of proof. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186, 2017 WL 6279907, at *2 (E.D. Tex. Dec. 28, 2017).

Defendants argue that there is no evidence in the Marshall Division, while the Plaintiffs live in the Tyler Division. (Dkt. No. 4 at 6–7.) Plaintiffs respond that the collision occurred in Louisiana 38.9 miles from the United States Courthouse for the Marshall Division and 94.1 miles from the United States Courthouse for the Tyler Division. (Dkt. No. 7 at 8–9.) As such, Plaintiffs argue that "sources of proof will be easier to bring" to Marshall than to bring to Tyler. (*Id.* at 8.) Further, Plaintiffs allege that the negligent entrustment occurred in the Marshall Division. (*Id.* at 10.) Considering this factor and the facts of this case, the Court finds that this factor weighs against transfer.

#### ii. Availability of Compulsory Process

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *In re Volkswagen II*, 545 F.3d at 216. A district court's subpoena power is governed by Federal Rule of Civil Procedure 45. For purposes of § 1404(a), there are three important parts to Rule 45. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014) (explaining the 2013 amendments to Rule 45). First, a district court has subpoena power over witnesses that live or work

within 100 miles of the courthouse. Fed. R. Civ. P. 45(c)(1)(A). Second, a district court has subpoena power over residents of the state in which the district court sits—a party or a party's officer that lives or works in the state can be compelled to attend trial, and non-party residents can be similarly compelled as long as their attendance would not result in "substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(i)–(ii). Third, a district court has nationwide subpoena power to compel a non-party witness's attendance at a deposition within 100 miles of where the witness lives or works. Fed. R. Civ. P. 45(a)(2), 45(c)(1).

Defendants submit that this factor is in favor transferring because "most of the likely witnesses" (e.g., the Plaintiffs' medical providers) reside in the Tyler Division. (Dkt. No. 4 at 8.) Plaintiffs respond that given that "this Court's subpoena range easily encompasses the entire Shreveport – Bossier City metropolitan area" most of the likely witness (e.g., first responders) would be subject to compulsory attendance, while this would not be the case in the Tyler Division. (Dkt. No. 7 at 8–9.) Given that the Shreveport Metropolitan area is within this Court's subpoena range, that the wreck occurred near Shreveport, and that witnesses in Tyler would also be subject to this Court's subpoena power, the Court finds that this fact weighs against transfer.

### iii. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

Defendants argue that the Tyler Division is a more convenient forum because the most likely witnesses are in Tyler. (Dkt. No. 4 at 8.) Further, the Defendants argue that Tyler is more convenient because Tyler is closer to Dallas-Fort Worth ("DFW") Airport, which is relevant because Defendants will have to travel to attend the trial.[5] (*Id*. at 8–9.) Plaintiff's respond that Marshall is more convenient because the bulk of the witnesses will be coming from Shreveport, LA, which is closer to Marshall. (Dkt. No. 7 at 9.) Further, Plaintiffs point out that Defendants could fly in and out of the Shreveport Airport, which is closer to Marshall than Tyler is to DFW Airport. (Dkt. No. 10 at 1–3.) To the extent that this represents a factual dispute between the parties, this Court must draw all inferences in favor of the non-movant.

On balance, the Court finds this factor weighs against transfer. Defendants bear the burden of showing that transfer is "clearly more convenient" for willing witnesses and have failed to illustrate what prejudice, if any, its witnesses would suffer should transfer be denied.

### iv.  All Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011). The Court finds that this factor neither weighs against nor in favor of transfer.

---

[5] Defendants represent that they are "citizens of the State of Montana, but currently reside in the State of Florida" so they would have to travel to attend trial regardless of whether trial is held in the Marshall Division or Tyler Division. (Dkt. No. 4 at 6–7.)

### B. Public Interest Factors

#### i. Administrative Difficulties Flowing From Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Defendants submit that this factor is neutral. (Dkt. No. 4 at 9.) The Court agrees and finds this factor to be neutral.

#### ii. Local Interest in Having Localized Interests Decided at Home

Defendants argue that the Tyler Division has a local interest in adjudicating this dispute because that is where the Plaintiffs reside. (Dkt. No. 4 at 9.) Defendants further argue that the Marshall Division has no interest in this case because "[n]one of the events or parties at issues in this case have anything whatsoever to do with the Marshall Division." (*Id.*) Plaintiffs respond that the Marshall Division does have an interest in deciding this case since the Plaintiffs allege that the negligent entrustment occurred in this division. (Dkt. No. 7 at 10.) On balance, the Court finds this factor neutral as both divisions have an interest in the outcome of this dispute.

#### iii. Familiarity of the Forum with the Governing Law and Avoidance of Unnecessary Conflicts of Law

The parties agree that both of these factors are neutral. (Dkt. No. 4 at 9; *id.* at 10.) Thus, the Court finds that these two factors are neutral.

### IV.    CONCLUSION

Based on the foregoing, the Court finds that venue is proper in the Eastern District of Texas, and thus proper in the Marshall Division of the Eastern District of Texas. The Court further finds that five of the § 1404 convenience factors are neutral, and that the remaining three factors weigh against transfer. No factor weighs in favor of transfer. Accordingly, the Court finds that the Defendants have failed to meet their burden to show that the Tyler Division is "clearly more

convenient." Therefore, the Court is of the opinion that Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Dkt. No. 4) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 19th day of December, 2019.**


_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE